[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the defendant has filed a Motion to Modify Custody and Child Support. The plaintiff has filed a Motion to Modify Alimony and Child Support, Motions for Contempt, a Motion for Wage Execution and a Motion for Insurance Coverage.
The parties were divorced in 1980. There were then four minor children and the defendant was ordered to pay $35.19 weekly for the support of each child. The judgment provided that support payments would increase annually by a percentage equal to the defendant's increases in salary. The defendant was ordered to provide medical insurance for the children and to be responsible for all their medical/dental expenses.
An order for alimony in the amount of $144.23 per week I was entered, unlimited as to term.
Subsequent to the dissolution, the plaintiff moved to Florida with the children. The defendant maintained the Court ordered support payments until June, 1991 when the oldest daughter, Kerstin, moved to Connecticut to make her home with the defendant. She spent the school year 1991-1992 as a boarding student at the Kent School, with the annual cost of approximately $20,000.00 borne by the defendant. When Kerstin moved to Connecticut, the defendant reduced the support payments he was making by 25% but he did not immediately seek to modify the order to reflect the change in the living arrangements. His motion to modify was filed in January 1992.
The defendant seeks a modification of custody and support retroactive to June 1991. A support order cannot be modified retroactively. Vickery v. Vickery, 25 CAPP. 555 (1991). Further, Kerstin turned 18 years of age in March, 1992 making the Motion for Custody Modification moot.
Accordingly, the defendant's Motion to Modify Support and Custody is denied.
With respect to the plaintiff's Motions for Contempt, she claims there is an arrearage of some $22,000.00 over the CT Page 4321 years. Her claim is vague and her testimony unpersuasive. The defendant has maintained meticulous and detailed records of the money he has sent to the plaintiff for support and alimony. The Court finds his testimony as to sums paid to be credible. He has made all payments ordered by the Court except for deductions for Kerstin from June 1991 to the date of her eighteenth birthday. Since he fully supported Kerstin during that time, expending sums far in excess of the Court ordered support, the Court does not find him in contempt on that score. To do so would be patently unjust and inequitable.
A second Motion for Contempt for refusal to place certain bonds into a savings account bearing the plaintiff's signature was not established through any evidence.
Accordingly, the Motions for Contempt are denied.
With respect to the plaintiff's Motions to Modify Support and Alimony, this Motion is denied.
The plaintiff is trained as an L.P.N. (although not licensed in Florida). At one time she held a Florida real estate broker's license. She has been getting $7,500.00 per year since 1980 in alimony. The Court is of the opinion that she is capable of earning substantially more than the $50.00 per week or so she now earns as a demonstrator of samples or give-away items.
While support payments have been increasing over the years in accordance with the formula providing for the same percentage increase as the defendant's salary, they are well below present guideline figures. The Court is, however, convinced that under the present circumstances, a substantial deviation from guidelines is appropriate in this case.
The defendant expends thousands of dollars annually for the benefit of his children beyond the ordered support. In addition to medical coverage (which is part of the order), he pays for vacation trips and other travel expenses for the children. When they were taking riding lessons he paid for them. He has provided a 1991 automobile which is kept in Florida for their use and he maintains and insures that vehicle. When money is needed for special expenses periodically, he sends it to them.
He has accepted the responsibility for Kerstin's education and, as a practical matter, will bear the cost of her future schooling. CT Page 4322
Although he enjoys a good salary, his expenses exceed his income and his liquid assets are relatively modest. Under the present circumstances the financial situation of the defendant does not warrant a modification, however, the Court notes that, in part, this decision is based on testimony that Kerstin will continue with her schooling. If she does not one of the underlying circumstances might well be affected.
The plaintiff's Motion to Modify is denied.
The plaintiff's Motion to Provide Her with Medical Insurance is denied.
The orders for support and alimony are to be enforced by contingent wage garnishment, in view of the defendant's satisfactory history of compliance with financial orders.
BY THE COURT,
HON. LAWRENCE KLACZAK SUPERIOR COURT JUDGE